# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **JOYCE HARGRESS,** | ) |
| | ) |
| **Claimant,** | ) |
| | ) |
| vs. | ) Case No. 4:16-cv-1079-CLS |
| | ) |
| **NANCY A. BERRYHILL, Acting Commissioner, Social Security Administration,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

Claimant, Joyce Hargress, commenced this action on June 30, 2016, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying her claim for a period of disability, disability insurance, and supplemental security income benefits.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ: (1) failed to apply Social Security Ruling 16-3p; (2) improperly considered the opinion of her treating physician; (3) did not adequately state reasons for finding her subjective testimony not credible; (4) failed to properly consider newly submitted evidence; and, (5) based his finding of no disability on a residual functional capacity determination that was not supported by substantial evidence. Upon review of the record, the court concludes that these contentions are without merit, and the Commissioner's decision should be affirmed.

**A.    Social Security Ruling 16-3p and Credibility**

Claimant first asserts that the ALJ failed to appropriately address the intensity and persistence of her symptoms pursuant to Social Security Ruling 16-3p, which became effective on March 28, 2016.

Social Security Ruling 16-3p was intended to supersede former Ruling 96-7p, and was enacted for the purpose of providing "guidance about how we evaluate statements regarding the intensity, persistence, and limiting effects of symptoms in disability claims under Titles II and XVI of the Social Security Act." SSR 16-3p, 2016 WL 1119029 (March 16, 2013), at *1. Specifically, the Ruling

> eliminat[ed] the use of the term "credibility" from [the Social Security Administration's] sub-regulatory policy, as our regulations do not use

> this term.  In doing so, we clarify that subjective symptom evaluation is not an examination of an individual's character.  Instead, we will more closely follow our regulatory language regarding symptom evaluation.
>
> Consistent with our regulations, we instruct our adjudicators to consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms. We evaluate the intensity and persistence of an individual's symptoms so we can determine how symptoms limit ability to perform work-related activities for an adult . . . .
>
> . . . .
>
> In evaluating an individual's symptoms, our adjudicators will not assess an individual's overall character or truthfulness in the manner typically used during an adversarial court litigation.  The focus of the evaluation of an individual's symptoms should not be to determine whether he or she is a truthful person.  Rather, our adjudicators will focus on whether the evidence establishes a medically determinable impairment that could reasonably be expected to produce the individual's symptoms and given the adjudicator's evaluation of the individual's symptoms, whether the intensity and persistence of the symptoms limit the individual's ability to perform work-related activities or, for a child with a title XVI disability claim, limit the child's ability to function independently, appropriately, and effectively in an age-appropriate manner.

*Id.* at *1-2, 10 (alterations and ellipses supplied).

Claimant asserts that, even though SSR 16-3p was not adopted until after her claim was decided, it should be applied retroactively.  The retroactivity of the Rule has not been directly addressed by any Circuit Court of Appeals, or by any district court within this Circuit.  That issue also does not need to be addressed here, because,

3

even if SSR 16-3p did apply retroactively, the ALJ did not violate it in this case. Even though the ALJ used the word "credible,"[1] he did not assess claimant's *general,* or "overall" character or truthfulness. Instead, he determined, in accordance with SSR 16-3p, whether claimant's subjective complaints were supported by the medical evidence and consistent with other information in the record.[2] *See Cole v. Colvin*, 831 F.3d 411, 412 (7th Cir. 2016) ("The change in wording [from SSR 96-7p to SSR 16-3p] is meant to clarify that administrative law judges aren't in the business of impeaching claimants' character; obviously administrative law judges will continue to assess the credibility of pain *assertions* by applicants, especially as such assertions often cannot be either credited or rejected on the basis of medical evidence.") (alteration supplied, emphasis in original).

Moreover, the ALJ's consideration of claimant's subjective symptoms was consistent with applicable law. To demonstrate that pain or another subjective symptom renders her disabled, a claimant must "produce 'evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the

---

[1] *See* Tr. 94 ("After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effect of these symptoms are not entirely *credible* for the reasons explained in this decision.") (emphasis supplied).

[2] *See* Tr. 94-96.

4

alleged pain.'" *Edwards v. Sullivan*, 937 F.2d 580, 584 (11th Cir. 1991) (quoting *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). If an ALJ discredits subjective testimony of pain, "he must articulate explicit and adequate reasons." *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing *Jones v. Bowen*, 810 F.2d 1001, 1004 (11th Cir. 1986); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986)).

The ALJ in the present case properly applied these legal principles. He found that claimant's medically determinable impairments could reasonably have been expected to produce the symptoms claimant alleged, but that claimant's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely credible.[3] That conclusion was in accordance with applicable law. *See Marbury v. Sullivan,* 957 F.2d 837, 839 (11th Cir. 1992) ("*After* considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence.") (citing *Wilson v. Heckler,* 734 F.2d 513, 517 (11th Cir. 1984)) (emphasis supplied).

The ALJ also adequately articulated reasons to support his findings. He reasoned that claimant had not been hospitalized or sought emergent care for her diabetes, lumbar degenerative disease, or hip and leg osteoarthritis since her alleged onset date, and she suffered less than disabling restrictions whenever she was

---

[3] Tr. 94.

compliant with her diet and treatment plan.[4] He also noted that claimant failed to list musculoskeletal impairments in her disability report or function report that would require a finding of greater functional limitations, and claimant had not "consistently produced abnormal musculoskeletal or extremity examinations throughout the record since the alleged onset date."[5] Instead, with minimal exceptions, claimant described only mild pain to her doctors as a result of her musculoskeletal conditions, and she retained full range of motion. Finally, the ALJ noted that an x-ray of claimant's hip revealed only mild degenerative joint disease, an MRI of her L4-S1 vertebrae revealed only diffuse disc bulging with resulting mild bilateral foraminal narrowing, and her hypertension was described in the record as "stable" and "benign."[6] All of those conclusions are supported by substantial evidence, and they are more than sufficient to support the ALJ's credibility finding.

**B.     Treating Physician**

Claimant also asserts that the ALJ failed to give sufficient weight to the opinion of Dr. Ochuko Odjegba, her treating physician. The opinion of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir.

---

[4] Tr. 94-95.
[5] Tr. 95.
[6] *Id*.

2004) (internal citations omitted).  Good cause exists when "(1) [the] treating physician's opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id*. (alterations supplied). Additionally, the ALJ is not required to accept a conclusory statement from a medical source, even a treating source, that a claimant is unable to work, because the decision on that issue is not a medical question, but is a decision "reserved to the Commissioner." 20 C.F.R. §§ 404.1527(d) & 416.927(d).

Social Security regulations also provide that, in considering what weight to give *any* medical opinion (regardless of whether it is from a treating or non-treating physician), the Commissioner should evaluate:  the extent of the examining or treating relationship between the doctor and patient; whether the doctor's opinion can be supported by medical signs and laboratory findings; whether the opinion is consistent with the record as a whole; the doctor's specialization; and other factors. *See* 20 C.F.R. §§ 404.1527(c) & 416.927(c).  *See also Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) ("The weight afforded a physician's conclusory statements depends upon the extent to which they are supported by clinical or laboratory findings and are consistent with other evidence as to claimant's impairments.").

Dr. Odjegba completed a Physical Capacities Form on September 8, 2014. He indicated that claimant could sit for less than thirty minutes at a time, stand for less than fifteen minutes at a time, and walk for less than fifteen minutes at a time. During an eight-hour day, claimant would be expected to lie down, sleep, or sit with her legs propped up for a total of approximately six hours. Claimant could perform a task for less than thirty minutes without needing a rest or break. She could occasionally lift up to five pounds, but could never lift more than five pounds. Dr. Odjegba attributed claimant's limitations to her back and hip pain. Those limitations existed back to January 21, 2013, claimant's alleged disability onset date, and they were expected to last twelve or more months.[7]

The ALJ afforded Dr. Odjegba's opinion only little weight, concluding that the opinion was

> inconsistent with the treatment records. Aside from a positive left-sided straight leg raise the claimant produced in July 2014, her treatment notes since the alleged onset date reveal little other evidence of significant abnormality . . . . Dr. Odjegba's treating opinion shows more limitation than even what the claimant alleged in her own function report . . . . Moreover, his opinion of marked physical restriction is inconsistent with the record when considered as a whole. Exhibit 15F characterized claimant's hip pain as "mild DJD." Similarly, exhibit 16F noted "mild" x-ray evidence [and] "mild" left hip pain . . . .[8]

Those conclusions are in accordance with applicable law, *see Phillips*, 357 F.3d at

---

[7] Tr. 560.

[8] Tr. 96 (alteration and ellipses supplied).

1240-41, and they are supported by substantial evidence. Even though claimant consistently complained of and received treatment for back and hip pain, the record does not reveal any functional limitations resulting from that pain that are greater than the ones assessed by the ALJ. The record as a whole supports the ALJ's decision to afford only little weight to Dr. Odjegba's opinion.

C.     **New Evidence**

Claimant also asserts that the Appeals Council failed to properly consider new evidence that was presented for the first time on appeal.

> When a claimant submits new evidence to the AC [*i.e.,* Appeals Council], the district court must consider the entire record, including the evidence submitted to the AC, to determine whether the denial of benefits was erroneous. *Ingram*[ *v. Commissioner of Social Security Administration*], 496 F.3d [1253,] 1262 [(11th Cir. 2007)]. Remand is appropriate when a district court fails to consider the record as a whole, including evidence submitted for the first time to the AC, in determining whether the Commissioner's final decision is supported by substantial evidence. *Id.* at 1266-67. The new evidence must relate back to the time period on or before the date of the ALJ's decision. 20 C.F.R. § 404.970(b).

*Smith v. Astrue,* 272 F. App'x 789, 802 (11th Cir. 2008) (alterations supplied).

Here, the Appeals Council denied claimant's request for review of the ALJ's decision, stating:

> In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council.[9]  We found that this information does not

---

[9] That evidence included briefs from claimant's attorney dated April 28, 2015, January 21,

9

> provide a basis for changing the Administrative Law Judge's decision.
>
> We also looked at 25 pages of records from Jane Teschner, MD, dated March 2, 2015 through October 1, 2015, 10 pages of records from Daniel Sparks, MD, dated March 2, 2015 through June 15, 2015, and 33 pages of records from Trinity Medical Center, dated July 28, 2015. The Administrative Law Judge decided your case through February 24, 2015. This new information is about a later time. It does not affect the decision about whether you were disabled beginning on or before February 24, 2015.
>
> If you want us to consider whether you were disabled after February 24, 2015, you need to apply again. The new information you submitted is available in your electronic file for you to use in your new claim.[10]

Even if the Appeals Council erred in failing to consider the evidence listed in the paragraphs above, any such error would be harmless, because that evidence does not provide a basis for overturning the ALJ's decision. Dr. Teschner's notes indicate that she primarily treated claimant for her diabetes, and the symptoms resulting from that condition were not severe. With regard to claimant's musculoskeletal conditions, claimant consistently reported back and joint pain to Dr. Teschner, but Dr. Teschner consistently reported that claimant's range of motion was grossly intact, and she showed no signs of muscle atrophy.[11] Dr. Sparks's April 6, 2015 evaluation revealed tenderness in claimant's thigh over her sciatic nerve and a positive left straight leg

---

2016, and February 3, 2016. Tr. 6, 363-82.

    [10] Tr. 2.

    [11] *See* Tr. 68, 73.

raising test, but no swelling or bruising, full range of motion, and full stability.[12] On May 19, 2015, Dr. Sparks noted a positive left straight leg raising test and tenderness in claimant's lumbar back and thigh, but he also observed good range of motion, full motor strength, and no clinical instability.[13]  A June 2, 2015 MRI of claimant's lumbar spine revealed a "*mild* broad based subligamental disc bulge at the L4-5 and L5-S1 level without effects on the neural structures.  There is *mild* facet arthropathy throughout the lumbar spine."[14]  The Trinity Medical Center records reveal that claimant was seen on July 28, 2015, for a lumbar myelogram to address her complaints of lumbar radiculopathy.[15]  The test revealed:  "*Mild* multilevel facet degenerative changes.  No disk bulge, central canal stenosis, or neural foraminal stenosis is seen at any lumbar level."[16]  Like the remainder of the medical records in claimant's file, the records submitted to the Appeals Council indicate that claimant experienced some musculoskeletal impairment and resulting pain, but they do not provide any indication that claimant experiences functional impairments greater than those assessed by the ALJ.  Accordingly, the Appeals Council did not err in its consideration of the additional medical records submitted on appeal, and, even if it

---

[12] Tr. 44.
[13] Tr. 49.
[14] Tr. 50 (emphasis supplied).
[15] Tr. 10-41.
[16] Tr. 31 (emphasis supplied).

did err, any such error was harmless.

**D.     Substantial Evidence**

The remainder of claimant's argument about why the ALJ's decision was not supported by substantial evidence is difficult to discern.  It appears that claimant is arguing that the ALJ erred in not obtaining vocational expert testimony about the number of jobs existing in the national economy that would be available to an individual with her residual functional capacity. Vocational expert testimony was not necessary, however, because the ALJ found claimant to be able to perform a full range of sedentary, unskilled work,[17] and Medical-Vocational Rule 201.28 dictated a finding of not disabled.  *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 201.28;[18] 20 C.F.R. § 404.1569a(b) ("When the limitations and restrictions imposed by your impairment(s) and related symptoms, such as pain, affect only your ability to meet the strength demands of jobs (sitting, standing, walking, lifting, carrying, pushing, and pulling), we consider that you have only exertional limitations. When your impairment(s) and related symptoms only impose exertional limitations and your specific vocational profile is listed in a rule contained in appendix 2 of this subpart, we will directly apply that rule to decide whether you are disabled.").

---

[17] Tr. 93.

[18] That rule applies because claimant is a "younger individual" with a high school education, a work history involving non-transferable skilled or semi skilled jobs, and a limitation to the full range of sedentary work.  *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 201.28.

Claimant also appears to assert that the ALJ's residual functional capacity finding was not supported by substantial evidence because, after the ALJ rejected Dr. Odjegba's assessment of disabling limitations, there was no longer a medical assessment to support the ALJ's decision. As an initial matter, it is the ALJ's responsibility — not that of a physician — to determine a claimant's residual functional capacity. *See* 20 C.F.R. § 404.1546(c) ("If your case is at the administrative law judge hearing level or at the Appeals Council review level, the administrative law judge or the administrative appeals judge at the Appeals Council (when the Appeals Council makes a decision) is responsible for assessing your residual functional capacity."). *See also Robinson v. Astrue,* 365 F. App'x 993, 999 (11th Cir. 2010) ("We note that the task of determining a claimant's residual functional capacity and ability to work is within the province of the ALJ, not of doctors."). It is true that the ALJ

> has an obligation to develop a full and fair record, even if the claimant is represented by counsel. *Cowart v. Schweiker,* 662 F.2d 731, 735 (11th Cir. 1981). The ALJ is not required to seek additional independent expert medical testimony before making a disability determination *if the record is sufficient and additional expert testimony is not necessary for an informed decision. Wilson v. Apfel,* 179 F.3d 1276, 1278 (11th Cir. 1999) (holding the record, which included the opinion of several physicians, was sufficient for the ALJ to arrive at a decision); *Holladay v. Bowen,* 848 F.2d 1206, 1209-10 (11th Cir. 1988) (holding the ALJ must order a consultative exam when it is necessary for an informed decision).

*Nation v. Barnhart,* 153 F. App'x. 597, 598 (11th Cir. 2005) (emphasis supplied). Furthermore, claimant bears the ultimate burden of producing evidence to support her disability claim. *See Ellison v. Barnhart,* 355 F.3d 1272, 1276 (11th Cir. 2003) (citing 20 C.F.R. §§ 404.1512(a), (c)). The court concludes that the record in this case was sufficient to give substantial support to the ALJ's decision, even after the ALJ rejected Dr. Odjegba's assessment. The ALJ was not required to match his residual functional capacity finding to a form filled out by a treating or examining physician.

**E.     Conclusion and Order**

In summary, the court concludes the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards. Accordingly, the decision of the Commissioner is AFFIRMED. Costs are taxed against claimant. The Clerk is directed to close this file.

DONE this 14th day of February, 2017.

_____
United States District Judge